NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0374n.06

Case No. 22-1621

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 14, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| DELANDO JOHNSON, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BOGGS and READLER, Circuit Judges.

SUTTON, Chief Judge. When officers arrested Delando Johnson, they found a digital scale, drugs, and cash. When officers searched his house, they found a gun, more drugs, and more cash. Johnson pleaded guilty to firearms and drug offenses. He challenges the denial of a motion to suppress the evidence found in his house and the application of a sentencing enhancement. We affirm.

In May 2020, Johnson sold heroin and fentanyl three times to an informant in Michigan. On January 29, 2021, a magistrate judge issued an arrest warrant for Johnson based on those sales. Four days later, officers surveilled Johnson's house, 725 Allen Avenue, in Muskegon, Michigan. After Johnson left the house, got in his car, and drove away, officers pulled him over and arrested him. Inside Johnson's car, officers found a digital scale covered with powdery residue and drug

paraphernalia. They also uncovered a lot of cash in Johnson's pocket and heroin and crack cocaine concealed in his underwear.

Based on the evidence found on Johnson at his arrest, the surveillance conducted that day, a phone bill tying him to 725 Allen, and his drug sales to the informant, officers obtained a search warrant for 725 Allen. When officers executed the warrant, they discovered loaded rifle magazines, drugs, two digital scales, and a safe holding a gun, cash, and more drugs.

Federal charges followed. Johnson filed a motion to suppress the evidence found in 725 Allen arguing that an insufficient nexus connected the evidence sought and his home. After the district court denied the motion, Johnson pleaded guilty to possessing controlled substances with the intent to distribute them, in violation of 21 U.S.C. § 841, and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). At sentencing, the district court applied a sentencing enhancement for Johnson's prior "serious drug felon[ies]" in Michigan, increasing the mandatory minimum on the distribution charge from ten to fifteen years. 21 U.S.C. § 841(b)(1)(A). The court imposed a 240-month sentence. Johnson appeals.

*Warrant.* The Fourth Amendment demands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Before issuing a warrant, a magistrate must decide whether "there is a fair probability that contraband or evidence of a crime will be found." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This requires a "nexus" between the place to be searched and the evidence to be seized. *United States v. Reed*, 993 F.3d 441, 447 (6th Cir. 2021). While status as a drug dealer alone does not establish this nexus, *United States v. Brown*, 828 F.3d 375, 383 (6th Cir. 2016), other evidence linking the drug dealing to the residence does, *Reed*, 993 F.3d at 448.

The search-warrant affidavit in this instance set forth the following facts: (1) Johnson distributed heroin three times in May 2020; (2) a magistrate judge issued an arrest warrant for Johnson based on those sales; (3) Johnson had numerous prior drug convictions; (4) a phone bill linked Johnson to 725 Allen; (5) Johnson had ongoing contact with known drug dealers through January 2, 2021; (6) officers surveilled 725 Allen on the day of the search-warrant application and saw Johnson exit the house after 10:00 a.m., enter a car, and drive away; (7) when officers pulled Johnson over, they discovered drugs and cash on his person and a digital scale with white residue in his car; and (8) in the narcotics officer's training and experience, drug dealers "often use their residences" to stash drugs. R.41-1 ¶ 12.

All told, the affidavit met the requisite standard to support the warrant. It demonstrated Johnson's "ongoing drug trafficking" through the drug sales, ongoing contact with drug dealers, digital scale, cash, and drugs. *United States v. Gunter*, 551 F.3d 472, 481 (6th Cir. 2009) (repeated purchases of cocaine supported a nexus). It showed that Johnson lived at 725 Allen through the phone bill and surveillance, and "evidence is likely to be found where the dealers live." *United States v. Sumlin*, 956 F.3d 879, 886 (6th Cir. 2020) (quotation omitted). It supported an inference that Johnson had stored drugs and drug proceeds in his home because officers found drugs and cash concealed on his person directly after leaving 725 Allen. *See United States v. Coleman*, 923 F.3d 450, 457 (6th Cir. 2019). And it detailed the narcotics officer's training and experience, both of which pointed toward finding contraband in 725 Allen. *See United States v. Caicedo*, 85 F.3d 1184, 1193 (6th Cir. 1996).

Johnson counters that the affidavit's information was stale. The May 2020 controlled buys, it is true, by themselves might have failed to create a nexus by the time of the warrant. But the

affidavit established the link to Johnson's residence with information from Johnson's February 2021 arrest just hours before officers applied for a search warrant.

That the affidavit does not describe drug transactions inside or near 725 Allen does not change things. Probable cause does not require that the crime occurred at the location of the search, only a fair probability that evidence of the crime will be found there. *See United States v. Williams*, 544 F.3d 683, 686–87 (6th Cir. 2008). "[E]mploying a healthy dose of common sense," the magistrate judge could find a fair probability that Johnson stored drugs, cash, and drug paraphernalia at his residence. *United States v. White*, 874 F.3d 490, 502 (6th Cir. 2017).

*Sentencing enhancement.* At sentencing, the district court found that Johnson had "prior conviction[s]" for "serious drug felon[ies]" in Michigan, increasing the mandatory minimum on his distribution conviction from ten to fifteen years. 21 U.S.C. §§ 841(b)(1)(A), 851. A "serious drug felony" under § 841(b)(1)(A) covers the same ground as a "serious drug offense" under the Armed Career Criminal Act. *See* 21 U.S.C. § 802(57) (pointing to ACCA); 18 U.S.C. § 924(e)(2)(A) (defining "serious drug offense"). Both cover state and federal drug offenses involving "a controlled substance" as defined by the Controlled Substances Act. 18 U.S.C. § 924(e)(2)(A). But when a state statute covers more conduct than the Controlled Substances Act does, convictions under the state statute generally do not qualify as predicate offenses. *See United States v. Fields*, 53 F.4th 1027, 1043–44 (6th Cir. 2022).

Johnson incurred three convictions under Mich. Comp. Laws § 333.7401 in May 2015 for delivering crack cocaine. *See United States v. House*, 872 F.3d 748, 753–54 (6th Cir. 2017) (finding Mich. Comp. Laws § 333.7401 divisible); *United States v. Pittman*, 736 F. App'x 551, 554–55 (6th Cir. 2018) (finding Mich. Comp. Laws § 333.7401 divisible by substance). Though cocaine appears on the Controlled Substances Act's drug schedules, 21 U.S.C. § 812, Sch. II(a)(4),

Johnson says that does not resolve the matter. He argues that Michigan law sweeps more broadly than the federal Controlled Substance Act (1) mainly because Michigan's cocaine definition covers more substances than federal law, and (2) suggests briefly that Michigan banned a cocaine derivative, [123I]ioflupane, at the time of his sentencing, while the federal law did not.

Both arguments fail. Start with Johnson's argument that Michigan defines cocaine more broadly than the federal government. Our circuit recently held that Michigan's definition of cocaine covers the same substances as the federal Controlled Substances Act but is no broader than that law. *United States v. Wilkes*, 2023 WL 5163389, __ F.4th __, at *6–9 (6th Cir. 2023). Although *Wilkes* considered an enhancement for a prior "serious drug offense" under ACCA, its holding applies here with equal force because it settled the meaning of cocaine under the Controlled Substances Act. *See id. Wilkes* makes clear that Johnson's Michigan convictions are "serious drug felon[ies]" under 21 U.S.C. § 841(b)(1)(A).

That leaves Johnson's undeveloped [123I]ioflupane argument. He merely notes in passing that the Controlled Substances Act does not criminalize this cocaine derivative. But he does so without elaboration. And he makes no response in either his opening brief or his reply to the district court's and the government's arguments that (1) the court should look to federal and state schedules at the time of his Michigan drug convictions and that (2) Michigan's drug schedules never really included [123I]ioflupane because its distribution could not realistically be prosecuted. Johnson cannot present an "argument in the most skeletal way" and leave this court to "put flesh on its bones." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quotation omitted). By failing to develop and preserve the argument, Johnson has forfeited it. *See United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006).

We affirm.